# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION AT GREENEVILLE

| | |
|---|---|
| In re                                    : | |
| :                                          | |
| **MICHAEL SCOTT CARMICHAEL**       :       | Case No. 2:18-bk-50024-MPP |
| :                                          | Chapter 11 |
| Debtor                                   : | |

| | |
|---|---|
| **CYNTHIA ELLSWORTH and**           :      | |
| **EMS UNIVERSAL ID, LLC**           :      | |
| :                                          | |
| Plaintiffs                              :  | |
| :                                          | |
| vs.                                     :  | Adv. Proc. No. 2:18-ap-05010-MPP |
| :                                          | |
| **MICHAEL SCOTT CARMICHAEL**       :       | |
| :                                          | |
| Defendant                               :  | |

### ANSWER OF PLAINTIFFS/COUNTER-DEFENDANTS
### TO THE COUNTERCLAIM OF DEFENDANT

Answering the Counterclaim of Defendant Michael Scott Carmichael, Cynthia Ellsworth and EMS Universal ID, LLC ("Plaintiffs") allege and represent:

(1)   The allegations of Paragraph 1 of the Counterclaim are admitted.

(2)   The allegations of Paragraph 2 of the Counterclaim are admitted.

(3)   The allegations of Paragraph 3 of the Counterclaim are admitted, but Defendant controlled assets and business relationships.

(4)   The allegations of Paragraph 4 of the Counterclaim are admitted.

1

(5)  The allegations of Paragraph 5 of the Counterclaim are denied. Plaintiff Ellsworth and Defendant spoke about a "financial divorce" in early 2012, but "financial divorce" was never mentioned again after the 2012 date.

(6)  The allegations of Paragraph 6 of the Counterclaim are denied. Plaintiff Ellsworth and Defendant were living in different states in 2016. They met in June and July to discuss a settlement, but there was limited communication in August and September 2016. Plaintiff Ellsworth did not speak with Defendant Carmichael on or around September 9, 2016. The Settlement Agreement was finalized through the attorneys for Plaintiffs and Defendant.

(7)  The allegations of Paragraph 7 of the Counterclaim are emphatically denied. Plaintiff Ellsworth has never threatened Defendant. Why would Plaintiff take any action to interfere with Defendant's business or destroy his source of income, considering Defendant's obligations under the March 31, 2012 Independent Contractor Agreement?

(8)  The allegations of Paragraph 8 of the Counterclaim are emphatically denied. Plaintiff Ellsworth never told Defendant: (a) she is a "scorned" woman; (b) she was directed by the "spirit world" to pursue the Settlement Agreement; or (c) she would do whatever was necessary to get what she wanted. On the contrary, Defendant abused and threatened Plaintiff Ellsworth.

(9)  The allegations of Paragraph 9 of the Counterclaim are admitted to the extent that Defendant alleges he executed a "Settlement Release and Confidentiality Agreement" and that a copy of the Agreement is attached as Exhibit A to the Counterclaim. The remaining allegations

of Paragraph 9 of the Counterclaim are denied.[1] Defendant faced having to produce records he did not want Ellsworth to view. Defendant's desire to avoid disclosing any financial records was a significant reason Defendant made a settlement offer to Plaintiffs and Defendant willingly signed the Settlement Agreement[2]. Defendant had no cause to believe Plaintiff Ellsworth would harm his economic interests.

(10)    Plaintiffs deny the Settlement Agreement is a "de-facto marital separation agreement." South Carolina does not recognize a "de-facto marital separation agreement." Plaintiffs admit Defendant obligated himself to make payments as provided in the Settlement Agreement. Plaintiffs deny the allegations of Paragraph 10 to the extent they are inconsistent with the Settlement Agreement. Defendant is the one who initiated discussions and negotiations ending with the Settlement Agreement. To this day, Defendant is the only one who knows the income he received (unless Defendant has disclosed the numbers to his attorneys).

(11)    The allegations of Paragraph 11 of the Counterclaim are denied. Defendant filed Chapter 11 hoping to discharge Plaintiffs' claims.

(12)    Plaintiffs incorporate by reference and reallege their answers to Paragraphs 1 through 11 of the Counterclaim.

(13)    Plaintiffs admit Ellsworth and Defendant were never actually married, but Plaintiffs deny the remaining allegations of Paragraph 13 of the Counterclaim. South Carolina does not recognize "de facto marital dissolution agreements."

---

[1] Defendant acknowledges he signed the "Settlement, Release And Confidentiality Agreement", but he says in his Answer he is without sufficient knowledge to admit or deny the allegations of ¶ (31) of the Complaint quoting provisions from the Settlement Agreement.

[2] Pursuant to the Independent Contractor Agreement, dated March 31, 2012, Plaintiffs were entitled to unlimited and independent access to any reports evidencing accounts managed by Defendant and for which Defendant received any compensation.

(14)   The allegations of Paragraph 14 call for a legal conclusion, but Plaintiffs deny the allegations of Paragraph 14 and specifically deny the lack of consideration for the Settlement Agreement.  As recited in the paragraph numbered 2 of the Settlement Agreement (attached to Defendant's Answer and Counterclaim), the consideration consists of the release of claims for breach of contract, breach of fiduciary duty, usurpation of corporate opportunities, and other legal and equitable claims.  There is adequate consideration for the Settlement Agreement, but, in any event, "[t]he Court's duty is to enforce the contract made by the parties regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully." *Jordan v. Sec. Group, Inc.*, 311 S.C. 227, 230 (1993) (citations omitted).

(15)   Plaintiffs incorporate by reference and reallege their answers to the allegations in Paragraphs 1 through 13 of the Counterclaim.

(16)   The allegations of Paragraph 16 of the Counterclaim are emphatically denied. The Settlement Agreement was not "presented to" Defendant. Defendant initiated settlement discussions resulting in the Settlement Agreement.  Defendant was already indebted to Plaintiff Ellsworth; it would have been foolish for her to interfere with his income stream.

(17)   The allegations in Paragraph 17 of the Counterclaim are denied.

(18)   The allegations of Paragraph 18 of the Counterclaim are denied.  Since Defendant has never produced records he was required to under the March 31, 2012 Independent Contractor Agreement, only Defendant could have an opinion about whether he agreed to a disproportionate exchange of value.

(19)   The allegations of Paragraph 19 of the Counterclaim are denied.  The Settlement Agreement was entered into so Defendant could avoid being sued and the discovery evidencing

how much money he actually owed Plaintiffs.  Defendant did not want Plaintiffs to learn the residual amounts they were entitled to have received or review the records they were entitled to review under the terms of the Independent Contractor Agreement dated March 31, 2012.

(20)    The allegations of Paragraph 20 of the Counterclaim are denied.  Defendant could have:  (a) filed a declaratory judgment action seeking to have the March 31, 2012 Agreement declared invalid; (b) filed to enjoin Plaintiff Ellsworth from contacting the persons Defendant feared she would contact; or (c) sued Plaintiff Ellsworth for any damages she caused Defendant.  Plaintiff Ellsworth never did any of the things Defendant claims or suggests he feared she would do.

(21)    Plaintiffs incorporate by reference and reallege their answers to Paragraphs 1 through 20 of the Countercomplaint.

(22)    The allegations of Paragraph 22 of the Counterclaim are admitted.

(23)    The allegations of Paragraph 23 of the Counterclaim are admitted.

(24)    The allegations of Paragraph 24 of the Counterclaim presume Plaintiffs' claims are unenforceable and should be disallowed and call for a legal conclusion.  In any event, Plaintiffs deny the allegations of Paragraph 24 of the Counterclaim.  Plaintiffs did not have any advantage over Defendant to cause him duress.

(25)    Plaintiffs deny the allegations of Paragraph (25) of the Counterclaim.

WHEREFORE, Plaintiffs respectfully request the Court to dismiss the Defendant's Counterclaim for failure to state a claim and because Defendant is not entitled to any of the relief requested.

        */s/ Maurice K. Guinn*
        Maurice K. Guinn (BPR # 000366)
        Gentry, Tipton & McLemore, P.C.
        P.O. Box 1990
        Knoxville, Tennessee  37901
        (865) 525-5300
        mkg@tennlaw.com
        Attorneys for Cynthia Ellsworth
          and EMS Universal ID, LLC

*MKG/bd:Pleadings – 8722 Second Answer to Counterclaim 09-13-2018*

## Certificate of Service

     The undersigned hereby certifies that on September 17, 2018, the foregoing **"Answer of Plaintiffs/Counter-Defendants To The Counterclaim of Defendant"** was filed electronically and will be served electronically by operation of the Court's electronic case filing system to Ryan E. Jarrard.  A copy of the **"Answer of Plaintiffs/Counter-Defendants To The Counterclaim of Defendant"** will also be hand-delivered on September 17, 2018, to Ryan E. Jarrard, 2121 First Tennessee Plaza, 800 S. Gay Street, Knoxville, Tennessee.

        */s/ Maurice K. Guinn*
        Maurice K. Guinn